IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF

WARREN RIVERA-TORRES

Debtor

CIVIL 06-1997CCC

**REMAND ORDER**

The action before us is an appeal from the decision of the United States Bankruptcy Court for the District of Puerto Rico dismissing appellant Warren Ernesto Rivera-Torres' Chapter 13 petition. The facts and travel of the case, as determined from the Bankruptcy Court docket and record on appeal are as follows:

Rivera-Torres, represented by attorney Juan M. Suárez-Cobos, filed his Chapter 13 petition on October 1, 2004. The plan was confirmed through an order entered on December 10, 2004.

Previous to appellant's filing of his petition, two of his relatives, Frank and Carmen Liaño-Rivera (Liaño- Rivera), had filed a lawsuit against Rivera-Torres in the Court of First Instance of Puerto Rico, San Juan Part, related to his role as administrator of the property of the estate of his deceased parents. On January 5, 2005, Liaño-Rivera filed a Motion for Relief from the Automatic Stay in order to pursue the Commonwealth action. The motion was denied without prejudice to filing an adversary proceeding pursuant to Bankruptcy Rule 7001. No further action was taken by Liaño-Rivera at that time.

The payments under the Plan were made as scheduled through June, 2005, at which time Rivera-Torres was hospitalized due to serious illness. He died on September 19, 2005. Two months later, on November 16, 2005, the Trustee for debtors' estate filed a motion to dismiss for failure to comply with the plan payments. At that time, the debtor was $800 in

CIVIL 06-1997CCC                                              2

arrears. No formal opposition to the motion to dismiss was filed, rather, on November 22, 2005 an Application for a Hardship Discharge pursuant to 11 U.S.C. §1328(b) was filed.

On the same date, the Bankruptcy Court entered the following order:

> Upon the motion filed on 11/21/05 by debtor(s)' requesting discharge under Section 1328(b), and pursuant to FRBP 4007(d), 12/26/05 is fixed as the last day for the filing of a complaint to determine the discharge ability of any debt pursuant to 11 U.S.C.§Section 523(c).
>
> If no timely complaint is filed, the Court will enter an <u>Order Discharging Debtor(s)</u> without further notice or hearing.

(Our emphasis.)

Liaño-Rivera never filed a formal opposition to the motion for hardship discharge. Instead, in response to this order, on December 16, 2005 Liaño Rivera filed a complaint against the debtor, William Rivera Torres and the Chapter 13 Trustee to Except Debt from Discharge; For the Sale of Property Free and Clear of Co-ownership Interest. The court set the adversary proceeding for a Preliminary Pretrial Conference, the date for which was eventually settled for August 4, 2006.

We note at this point that on July 24, 2006 Liaño-Rivera moved for entry of default judgment in the adversary proceeding based on defendants/debtors' failure to answer the complaint. Suárez-Cobo, who had been served with the complaint and process, opposed the motion on August 3, 2006 and requested that service be quashed inasmuch as the defendant/debtor had not been personally served and he, as attorney for the bankruptcy proceedings, had not been authorized to receive service of process for the adversary proceeding. According to the debtor's opposition, the heirs had neither been sued nor served with the complaint. The Bankruptcy Court never ruled on this motion.

On August 4, 2006, the conference in the adversary proceeding was held. Present were the attorneys for the trustee and the plaintiffs. Suárez-Cobo did not appear. Notwithstanding that it was scheduled as a <u>pretrial</u> conference, the minutes identify it as a proceeding "to

CIVIL 06-1997CCC                                     3

determine discharge ability of a debt." Liaño-Rivera's attorney averred that defendant/trustee had no opposition to the granting of the complaint.[1] Instead of discussing the matters identified in the order setting the pretrial conference, the court and parties returned to the subject of the motion for dismissal of the bankruptcy petition. The Bankruptcy Court ruled that, based on the Trustee's motion to dismiss and the facts as they appeared, the court would dismiss the bankruptcy petition and, as a result, would also dismiss the instant adversary proceeding. The court noted that the defendant was not present nor represented, and it guessed that "the Defendants will be the heirs." (Hearing transcript, page 6.)

The issues presented in this appeal are whether the United States Bankruptcy Court abused its discretion by dismissing the Appellant's Bankruptcy petition without a hearing and, as a consequence, denying appellant's request for a hardship discharge without a hearing.

With regard to the matter of "notice and hearing," 11 U.S.C. §102(1) of Chapter I of the Bankruptcy Code provides:

(1) "after notice and hearing" or similar phrase –

(A) means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but

(B) authorizes an act without an actual hearing if such notice is properly given and if –

(i) such a hearing is not requested timely by a party in interest; or

(ii) there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act.

Local Bankruptcy Rule 9013 provides:

(a) Decision Without Actual Hearing. If no response to a motion is filed within eleven (11)days, or within such additional or shorter period of time as may be fixed by the Court, the motion will be considered and decided without actual hearing unless (a) otherwise ordered by the Court, (b) a party requests an actual hearing within

---

[1] The trustee's counsel never spoke on his client's behalf.

CIVIL 06-1997CCC                                    4

>     (11) eleven days from date of service of the motion, (c) Bankruptcy Rule 2002 requires hearing.

Although Suárez-Cobo did not file a formal request for a hearing on the trustee's dismissal motion, in light of the debtor's death, he responded with the motion for a hardship discharge. In response to the discharge motion, the court, without addressing the pending dismissal motion, stated that it would enter the discharge if no complaints excepting a discharge were filed. As discussed above, Liaño-Rivera did file such a complaint.

To determine whether a debtor should be allowed a hardship discharge, the Bankruptcy Court must look to 11U.S.C. §1328(b), which provides as follows:

> At any time after the confirmation of the plan and after notice and a hearing, the court may grant a discharge to a debtor that has not completed payments under the plan only if –
>
> (1) the debtor's failure to complete such payments is due to circumstances for which the debtor should not justly be held accountable;
>
> (2) the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 of this title on such date; and
>
> (3) modification of the plan under section 1329 of this title is not practicable.

The debtor bears the burden of proof, and must satisfy the court on all three elements. In re Bandilli, 231 B.R. 836, 838 (1st Cir. BAP 1999) an unanticipated death precluding payments under a confirmed Chapter 13 plan has understandably been held to be such a catastrophic circumstance which is beyond the debtor's control to support granting a hardship discharge. In re Cummins, 266 B.R.852,855 (Bankr. N.D. Iowa 2001). While not specifically requiring a hearing under Rule 2002, when there is a dispute as to the propriety of a hardship discharge, or compliance with the criteria is questionable, courts have generally held hearings for the presentation of evidence and argument. See, e.g., In re Roberts, 279 B.R. 396 (1st Cir. BAP 2000); In re Long, 322 F.3d. 549 (8th Cir. 2003); In re Spencer 301 B.R. 730 (Bankr.

CIVIL 06-1997CCC                                              5

8th Cir.2003) <u>Bandilli</u>, <u>supra</u>; <u>In re Bott</u>, 324 B.R. 771(Bankr. E.D. Missouri 2005); <u>In re Grice,</u> 319 B.R. 141(Bankr. E.D. Michigan 2004); <u>Cummins</u>, <u>supra</u>; <u>In re Solano</u>; 234 B.R. 428 (Bankr. E.D.Arkansas 1999); <u>In re Linden</u>, 174 B.R. 769 (C.D. Illinois 1994);

In our review of the record, we noted the following:

(1) Prior to the pretrial conference in the adversary action, the court did not actually rule on the motion to dismiss.  The court decided to grant the hardship discharge if no complaints were filed; which could indicate that the outright dismissal was moot.

(2) At the pretrial conference, Liaño-Rivera argued that, although they did not file a formal opposition to the motion for hardship discharge, their complaint should be considered as the opposition to the debtor's motion for hardship discharge.  They sought, however, to have the trustee's motion to dismiss deemed unopposed, notwithstanding that Suárez-Cobo had responded to said motion by filing the hardship discharge motion.

(3) Debtor's attorney did not appear at the pretrial conference because he challenged the service of process and complaint as defective and because the heirs had not been sued or allegedly served and, therefore, the court did not yet have jurisdiction over these parties.

(4) According to the notice to the parties, the purpose of the conference was to address the pretrial matters in the adversary proceeding; no notice was given that matters in the bankruptcy case itself would be taken under consideration.

When reviewing an appeal from the bankruptcy court, the First Circuit has adopted the "clearly erroneous" standard for findings of facts and applied de novo review to conclusions of law.  <u>In re Pratt</u>, 462 F.3d. 14, 16 (1st Cir. 2006); <u>In re Rosario Díaz</u>, 318 B.R. 750, 751(D. Puerto Rico 2004).  A factual finding is "clearly erroneous" only when the appellate court is left "with the definite and firm conviction that a mistake has been committed."  <u>Id</u>.

CIVIL 06-1997CCC                                              6

As we see it, appellant was led by the court to believe that (1) the next item to be addressed with regard to the bankruptcy petition was the matter of the hardship disability; and (2) that the August 4, 2006 conference was for the consideration of matters identified in the notice related to the adversary proceeding.  Instead, the court addressed the motion to dismiss the bankruptcy petition.  That is, the court never gave the appellant notice and opportunity for a hearing or any consideration of the motion for hardship discharge.

For the above-stated reasons, we find that the court below clearly erred when it failed to make any findings of fact or conclusions of law with regard to the motion for hardship discharge. Accordingly, we VACATE the dismissal of appellant's bankruptcy petition and REMAND this action to the Bankruptcy Court for a hearing on the motion for hardship discharge.

SO ORDERED.

At San Juan, Puerto Rico, on February 22, 2007.

                                                      S/CARMEN CONSUELO CEREZO
                                                      United States District Judge